1  Sergio A. Castaneda (State Bar No.: 208642)
   Edward C. Yim (State Bar No.: 218917)
2  **CASTANEDA LAW, APC**
   1055 Wilshire Blvd., Suite 1940
3  Los Angeles, CA 90017
   Tel:    (213) 212-2399
4  Fax:    (213) 402-2804
   sergio@castaneda-law.com
5  eyim@castaneda-law.com

6  Attorneys for Defendant,
   JOHN BEEBE

7

8                    **UNITED STATES DISTRICT COURT**

9             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  UNITED STATES OF AMERICA,          No. 2:23-cr-00200-MCS

12          Plaintiff,                 **MOTION TO WITHDRAW AS ATTORNEY
                                       OF RECORD**
13  v.

14  JOHN BEEBE (7)

15          Defendant.

16

17

18

19      **TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT,**

20  **CENTRAL DISTRICT OF CALIFORNIA:**

21          I, Edward C. Yim, my firm, CASTANEDA LAW, APC, Attorney Sergio A. Castaneda, and

22  Attorney Gretchen Gaspari, are retained to represent defendant, JOHN BEEBE, in this case.  I

23  respectfully request this court issue an order permitting our withdrawal from representing Mr. Beebe

24  and for appointment for an attorney to represent the defendant in this matter.

25          This request is made on the ground that Mr. Beebe no longer wishes to be represented by me

26  or my firm.  He has expressed to us that he wants to be represented by an appointed counsel and does

27  not need or require the services or me or my firm any longer.

28                                      – 1 –

                    **MOTION TO WITHDRAW AS ATTORNEY OF RECORD**

This court has authority to substitute new counsel. (Code Civ. Proc. Section 284, subd (2); Echlin v. Superior Court (1939) 13 Cal.2d 368, 374.) An attorney may withdraw from a case unless there is a compelling reason for continued representation. (Hepple v. Kluge (1951) 104 Cal.Ap.2d 461, 462.) The court does have the discretion to deny an attorney's request to withdraw if the withdrawal would work on injustice. (People v. McCracken (1952) 39 Cal.2d 336.)

Because of my client's request, I believe I have an ethical obligation to withdraw as attorney of record in order to serve Mr. Beebe's best interests. Withdrawal from representation of Mr. Beebe will not prejudice Mr. Beebe's defense but instead is in his best interest.

Mr. Beebe's case is scheduled for a Trial Setting Conference on April 15, 2025. In addition, the Government has not completed its production of discovery in this case. There is ample time for appointed counsel to review discovery when it is available and engage in potential plea discussions with the Assistant U.S. Attorney. I am prepared to provide the newly appointed attorney with any notes and work product on this case to assist the new attorney with the representation of Mr. Beebe. I have also sent a copy of this motion to Mr. Beebe and have already obtained his consent to withdraw as the attorney of record.

I therefore respectfully request that this court grant the request to permit me and my firm to withdraw from further representation of Mr. Beebe and that new counsel be appointed to represent him in further proceedings.

Dated: January 24, 2025                    **CASTANEDA LAW, APC**

                                           By: /s/ Edward C. Yim
                                               EDWARD C. YIM
                                               Attorney for Defendant, JOHN BEEBE

–2–

**MOTION TO WITHDRAW AS ATTORNEY OF RECORD**

## DECLARATION OF EDWARD C. YIM

1.      I am an attorney duly licensed to practice law in the State of California and am counsel for John Beebe, the defendant in this matter.  I have personal and firsthand knowledge of the facts herein and, if called as a witness, I could and would testify competently to these facts under oath.

2.      This matter is set for a Trial Setting Conference on April 16, 2025 at 10:00 A.M.

3.      I spoke to my client, John Beebe, on January 21, 2025 and he indicated that he wants to be represented by appointed counsel and that he no longer needs or wants my services.

4.      I have sent a copy of this motion to Mr. Beebe and have already obtained his consent to withdraw as the attorney of record.

5.      I have provided a copy of this motion to assistant U.S. Attorney, Mr. Wei Xiang.

6.      I am prepared to deliver all discovery and notes and expeditiously as possible to the newly appointed counsel to assist in the defense of Mr. Beebe.

7.      I believe that this substitution will not in any way jeopardize the defense of Mr. Beebe.

2.      Unless stated upon information and belief, I have personal knowledge of the facts stated in this Declaration and could competently testify thereto.

I declare under penalty of perjury that the foregoing is correct to the best of my knowledge and this Declaration was executed on this 28th day of January, 2025 in Los Angeles, California.

/s/ Edward C. Yim
EDWARD C. YIM

– 3 –

**MOTION TO WITHDRAW AS ATTORNEY OF RECORD**

DocuSign Envelope ID: ...

## CONSENT BY JOHN BEEBE

1.     I, John Beebe, am the defendant in case number 2:23-cr-00200-MCS – 7 entitled United States v. Courdy, et al.

2.     I no longer with to be represented by Mr. Edward C. Yim and Castaneda Law APC.

3.     I respectfully ask the court to appoint an attorney to represent me.

4.     I understand that this substitution will not affect my defense and it will in fact better serve my interests.

5.     I further declare that I do not have the financial means to retain private counsel.

        I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct to the best of my information and belief.


1/27/2025
_____
DATE

DocuSigned by:
_____
B3AA6C4C3056411
**JOHN BEEBE**


– 1 –

**CONSENT OF JOHN BEEBE**